UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

July 15, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Catherine B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2558-DRM

Dear Counsel:

On September 4, 2024, Plaintiff Catherine B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 7) and the parties' briefs (ECF Nos. 10, 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on November 4, 2019, alleging a disability onset of March 13, 2017. Tr. 245-58. Plaintiff's claims were denied initially and on reconsideration. Tr. 130-37, 151-57. On May 11, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31-57. Following the hearing, on May 24, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 9-25. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, and Plaintiff then appealed to this Court on November 30, 2022, *see* Tr. 2885. This Court remanded Plaintiff's case on December 1, 2023, to the Commissioner for further consideration pursuant to 42 U.S.C. § 405(g). Tr. 2884-90. On May 21, 2024, the ALJ held another hearing. Tr. 2841-71. On July 3, 2024, that ALJ concluded that Plaintiff was not disabled. Tr. 2816-33. The second ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103,

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on September 4, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Catherine B. v. Bisignano*
Civil No. 24-2558-DRM
July 15, 2025
Page 2

106–07 (2000); *see also* 20 C.F.R. § 422.210(a), which will be discussed herein.

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity (SGA) since March 13, 2017, the alleged onset date." Tr. 2822. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis; substance addiction (alcohol); lumbar disc disease; lumbar radiculopathy; cervical disc disease; depression; post-traumatic stress disorder (PTSD); obesity; GERD; and chronic obstructive pulmonary disease (COPD)." Tr. 2822. The ALJ also determined that Plaintiff suffered from the non-severe impairments of hypertension, kidney stones, and migraines. Tr. 2822. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 2822. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with additional limitations. Specifically, the claimant is capable of lifting/carrying 20 pounds occasionally and 10 pounds frequently, sitting for 6 hours in an eight-hour day, and standing and/or walking for 4 hours in an eight-hour day. She can push/pull as much as she can lift/carry. The claimant can climb ramps and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. She is able to perform simple and detailed tasks for periods of 2 hours at a time to complete a normal work day/work week. She is unable to perform assembly line work where the coworkers work side by side, and the work of one affects the work of the others. She is unable to perform high quota production-pace jobs where workers must meet strict hourly quotas.

Tr. 2825. The ALJ determined that Plaintiff was unable to perform past relevant work as a school bus driver (DOT[3] #913.463-010) but could perform other jobs that existed in significant numbers

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*,

in the national economy. Tr. 2831-32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 2833.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises one argument on appeal, specifically that the ALJ's step-three determination is unsupported by substantial evidence "because the ALJ failed to adequately explain the reasons for determining that Plaintiff's conditions did not meet or equal the requirements of Listings 12.04 and 12.15." ECF No. 10, at 8-22; ECF No. 14, at 1-9. Defendant counters that the ALJ considered Plaintiff's mental impairments and found that they did not meet or equal the requirements of Listings 12.04 and 12.15. ECF No. 13, at 6-14.

The SSA's "Listing of Impairments" describes, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]" 20 C.F.R. § 416.925(a). At step three of the sequential evaluation process, an ALJ determines whether a claimant has an "impairment[] that meets or equals" a listed impairment (a "Listing"). 20 C.F.R. § 416.920(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals a Listing, the ALJ must find that the claimant is disabled. *See id.*

Relevant to this case, Listings 12.04 and 12.15 pertain to "Depressive, bipolar and related disorders," and "Trauma- and stressor-related disorders," respectively. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.15. The criteria relevant to meeting or equaling each of these Listings is delineated in three separate sections ("Paragraphs") set forth at each Listing. The first Paragraph

---

and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Catherine B. v. Bisignano*
Civil No. 24-2558-DRM
July 15, 2025
Page 4

("Paragraph A") requires documentation of certain medical criteria. *See id.* §§ 12.04A, 12.15A. The second Paragraph ("Paragraph B") is identical in both Listings and requires the "[e]xtreme limitation of one, or marked limitation of two," of four "areas of mental functioning," which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* §§ 12.04B, 12.15B. The third Paragraph ("Paragraph C") is identical in both Listings and requires a claimant's mental disorder to be "serious and persistent," meaning that the claimant must have "a medically documented history of the existence of the disorder over a period of at least 2 years," as well as:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes [a claimant's] symptoms and signs of [their] mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [their] environment or to demands that are not already part of [their] daily life (see 12.00G2c).

*Id.* §§ 12.04C, 12.15C. Listings 12.04 and 12.15 can each be met or equaled by: (1) satisfying the respective Listings' Paragraph A and Paragraph B criteria or (2) satisfying the respective Listings' Paragraph A and Paragraph C criteria. *See id.* §§ 12.04, 12.15.

Here, the ALJ determined that Plaintiff suffered from the severe mental impairments of depression and PTSD. Tr. 2822. The ALJ then examined whether Plaintiff's mental impairments met or medically equaled the criteria at Listings 12.04 and 12.15. Tr. 2823-24. The ALJ did not make a finding for Paragraph A. With respect to the Listings' Paragraph B criteria, the ALJ determined that Plaintiff possessed: (1) a "mild" limitation in understanding, remembering, or applying information; (2) a "mild" limitation in interacting with others; (3) a "moderate" limitation in concentrating, persisting, or maintaining pace; and (4) a "mild" limitation in adapting or managing herself. Tr. 2823-24. The ALJ found that because Plaintiff's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the Paragraph B criteria relevant to Listings 12.04 and 12.15 were not satisfied. Tr. 2824. As to the Listings' Paragraph C criteria, the ALJ found that these criteria were "not met because [Plaintiff's] testimony and function reports show [Plaintiff's] ability to leave her home and perform daily activities independently." Tr. 2824.

To determine whether the ALJ's step-three findings are supported by substantial evidence, the Court reads the ALJ's decision "as a whole." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011) (per curiam). Having done so, the Court finds that the ALJ erred by failing to explain why Paragraph C's criteria were not satisfied due to Plaintiff's ability to leave her home and perform daily activities independently. Notably, a careful review of Plaintiff's function report and testimony appear to contradict the ALJ's step-three conclusion. For instance, in Plaintiff's function report, Plaintiff references several times that she is afraid to leave her house, and that she is "afraid to leave [her] house 99% of the time." *See* Tr. 325, 329, 331. She also reports that she

has "help most of the time" for her personal care, her boyfriend and her son prepare meals, she "need[s] help doing daily housework," her boyfriend does the shopping, she does not handle stress very well, and she "can't do a lot of things like [she] use[d] to for example: garden, outside activities, most of [her] household duties." *See* Tr. 325-32. During Plaintiff's testimony, Plaintiff testified that she does not "want to be out and around people"; "can't get in the car and go anywhere"; her partner does all the grocery shopping and "does basically everything" around the house, such as cooking, cleaning, and cutting the grass; and that she sees one of her grandchildren at her house. Tr. 2855-57. While the ALJ may have disagreed with Plaintiff about the significance of this evidence, the ALJ was nonetheless required to explain why the evidence did, or did not, satisfy the relevant Listing criteria. *See Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (explaining that an ALJ's duty to compare symptoms to Listing criteria is "triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments."). Because the ALJ failed to do so, remand is warranted.

When "a fair amount of evidence [is] supportive" of a claimant's ability to satisfy a Listing's criteria, "[a] full explanation by the ALJ" of why the claimant does not meet or equal the Listing "is particularly important[.]" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Such an explanation is missing from the ALJ's decision. To be sure, the ALJ may ultimately determine that the factual findings identified above do not satisfy Paragraph C's criteria. But the ALJ—not the Court—must make this determination in the first instance. *See id.* at 296. Because such a finding is the ALJ's to make, and because the ALJ provided no explicit analysis on the issue, the Court will not attempt to divine the ALJ's reasons for finding that Plaintiff could not satisfy Paragraph C's first criterion: "medical treatment[] . . . that is ongoing and that diminishes . . . symptoms and signs of" a mental disorder. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04C, 12.15C.

As a final matter, the ALJ did not reach any conclusions regarding the Paragraph A criteria relevant to Listings 12.04 and 12.15. When an ALJ does not "compare[] each of the listed criteria to the evidence" after identifying a relevant Listing, "it is simply impossible to tell whether there was substantial evidence to support the [ALJ's] determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)). Accordingly, the ALJ must determine on remand whether the Paragraph A criteria are satisfied.

In sum, the decision's lack of explanation precludes the Court from determining whether substantial evidence supported the ALJ's step-three determination, so remand is warranted. On remand, the ALJ should "specific[ally] appl[y]" Listing criteria to the evidence of record and explain why that evidence does or does not support a finding that the Listings discussed above are met or equaled. *Radford*, 734 F.3d at 295. As the case is being remanded on the basis of the ALJ's insufficient evaluation of the Paragraph C criteria, the Court need not address Plaintiff's arguments relating to the ALJ's evaluation of the Listings' Paragraph B criteria. The ALJ is welcome to consider that argument on remand and, if necessary, adjust its findings and analysis accordingly. In remanding for further analysis, I express no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

*Catherine B. v. Bisignano*
Civil No. 24-2558-DRM
July 15, 2025
Page 6

## V. CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge